LABORDE, Judge.
On October 17, 1986, defendant, Eric Allen Doshier, was granted a divorce from plaintiff, Elizabeth Orebeaux Doshier. The trial court granted husband and wife joint custody of the two minor children with Mrs. Doshier being named the domiciliary parent and Mr. Doshier having reasonable visitation rights. Additionally, Mrs. Doshier was awarded child support in the amount of $500.00 per month.
On September 1, 1987, plaintiff applied for child support services with the Department of Health and Human Resources, Office of Family Security (DHHR).[1] On September 8, 1987, the DHHR, through the Office of the District Attorney of Calcasieu Parish, filed a Motion to Amend Existing Orders and for Rule to Show Cause, why defendant should not be ordered to make such child support payments payable to the DHHR: ordered to make such payments by an assignment of wages; and ordered to pay court costs.
Defendant filed a Petition to Stay Service alleging that no arrearages were owed at the time of the State’s intervention. He also filed an Exception of Prematurity on the grounds that defendant was not in arrears for either alimony or child support.
The trial court heard these matters on October 19,1987. It granted the Exception of Prematurity and denied the State’s Motion to Amend and Rule to make child support payments payable to the DHHR. This court denied supervisory writs on the trial court’s decision, and the State filed this appeal on December 17, 1987.
The State argues that the trial court improperly granted the Exception of Prematurity even though there were no arrears at the time when the State accepted the case.
The trial court wrote thorough reasons for judgment. After reviewing the record, we find no error in law or manifest error in fact. We affirm the judgment below for the reasons assigned by the trial court and annex those reasons hereto. Costs of this appeal are taxed to appellant.
AFFIRMED.
APPENDIX
State of Louisiana, ex rel. Joan Elizabeth Orebeaux Doshier vs. Eric Allen Doshier
No. 85-4120
PER CURIAM TO ASSIGNMENT OF ERRORS
The State filed Assignment of Errors claiming the trial Court erred in granting defendant’s Exception of Prematurity and denying State’s Motion to Amend into Existing Orders and Rule to Show Cause why defendant should not be ordered to make such child support payments payable to Louisiana State Department of Health and Human Resources, thus amending the existing support order pursuant to La.R.S. 46:236.2
The State raises the issue of whether the State can and should be allowed by the Trial Court to amend into a civil domestic order for collection and enforcement of *855 support, pursuant to L.S.A.R.S. 46:236.1 and 46:236.2, when payor is up to date with his payments; or whether an Exception of Prematurity can be maintained in cases where there are not arrears at the time when the State accepts the case.
The Trial Court’s finding were as follows:
I. WHETHER A PARENT RESIDING IN LOUISIANA, WHOSE WHEREABOUTS ARE KNOWN AND WHO IS NOT IN ARREARAGES ON HIS CHILD SUPPORT PAYMENTS CAN BE CLASSIFIED AS AN “ABSENT PARENT” AS PER LSA-R.S. 46:236.1.
The Louisiana Department of Health and Human Resources (also referred to as the State), contends that the trial court’s maintaining of the defendant’s Exception of Prematurity to its Motion to Amend into Existing Orders and Rule to Show Cause was incorrect. Having relied on LSA-R.S. 46:236.1(B) as justifying its position, the State correctly points out that this statute would be applicable to the instant case despite the fact that we are not dealing with an Aid to Families with De-pendant Children case. This conclusion is reached because LSA-R.S. 46:236.1(B)(2) authorizes the providing of such services when an individual submits an application and pays the required fee. A review of exhibits P-2 and P-3 indicate that the requirements of LSA R.S. 46:236.1(B)(2) have been complied with and thus that the application of LSA-R.S. 46:236.1(B) appears at the outset to be correct.
The State, however, has not completed its burden of showing that LSA-R.S. 46:236.1(B) is applicable because it has failed to show that the case at bar falls within one of the five instances in which the Department of Health and Human Resources is authorized to take action regarding the collection of support payments. Relied upon by the State is LSA-R.S. 46:236.1(B)(1)(a), which states that Department action is authorized to:
“a) Enforce and collect the support obligation owed by an absent parent to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.” (Emphasis ours.)
The state however, has made no showing that Eric Doshier can be properly labeled as an “absent parent”.
Despite the lack of statutory definitions to aid us in determining who can be classified as an absent parent, some guidance can be obtained by looking to subsection “D” of LSA R.S. 46:236.1. This section authorizes the secretary of the Department of Health and Human Resources to have access to the records of numerous state departments including the Department of Public Safety and Corrections and the Office of Employment Security. The authorizing of such access is designed to better enable subsection “B” of this statute to be carried out.
Considering the lengths to which the Secretary of the Department of Health and Human Resources is authorized by LSA-R.S. 46:236.1(D) to go to locate an absent parent, it becomes apparent that the provisions of LSA-R.S. 46:236.1(B) envision an “absent parent” as being one whose whereabouts are unknown, or who is intentionally concealing his or her location. If subsection “B” was intended to be applicable in the case of a parent whose location has been voluntarily disclosed by that parent then the investigatory means authorized by subsection “D” would not be necessary.
It is only after LSA-R.S. 46:236.1(B) and (D) are taken together that it becomes clear that a parent who has been timely paying his child support obligation, is not in ar-rearages concerning this obligation, and who has voluntarily made his location known to his former spouse, does not qualify as an “absent parent”.
Because Mr. Doshier is not an absent parent as required by LSA-R.S. 46:236.-1(B), the State’s insistence that the requirements for applying this statute have been satisfied is unfounded. Therefore, until such time as Mr. Doshier becomes an absent parent as perceived by LSA-R.S. 46:236.1(B), the State’s Motion to Amend *856 into Existing orders and For Rule to Show Cause concerning the naming of the Department of Health and Human Resources as depository for the child support payments owed by Mr. Doshier is premature.
II. WHETHER THE DEPARTMENT OF HEALTH AND HUMAN RESOURCES CAN CLAIM THAT IT FURNISHED SUPPORT ENFORCEMENT SERVICES WHEN THE DEBTOR PARENT HAS NEVER BEEN IN ARREARS IN HIS COURT ORDERED CHILD SUPPORT PAYMENTS.
In order for the Department of Health and Human Resources to have support orders amended, the department must follow the procedure set forth in LSA-R.S. 46:236.2(A), which requires the Department to file, “a written motion together with a written certification from the department that support enforcement services are being furnished to the individual or caretaker of any individual receiving support benefits ...”. In attempting to comply with the statutory requirements, the State has filed such a written motion and it is numbered exhibit P-4.
Despite the language in the State’s motion referring to the required written certification, there is an absence in the record of any such written certification that the Department was furnishing support enforcement services. Additionally, the State, in its Motion to Amend Existing Orders and For Rule to Show Cause, filed on September 8, 1987, has admitted that Mr. Doshier was not in arrears in his child support obligations as of September 1, 1987.
From this it becomes apparent that the Department of Health and Human Resources could not have been furnishing support enforcement services to Mrs. Do-shier and that the required certificate could not thus be issued because Mr. Doshier was never is [sic] arrears in his payments. Without any support delinquences or ar-rearages on Mr. Doshier’s part, the Department of Health and Human Resources could supply no support enforcement services to Mrs. Doshier. The end result is that the State has not complied with LSA-R.S. 46:236.2(A) and therefore is not entitled to an ex parte motion to have Mr. Doshier’s support orders amended.
Until such time as Mr. Doshier becomes in arrears in his support payments and the Department of Health and Human Resources furnishes support enforcement services to Mrs. Doshier on behalf of the two minor children receiving the support, the State’s attempt to amend the support orders is premature.
/s/Billy H. Ezell BILLY H. EZELL District Judge
Filed Dec. 6, 1987.

. Under separate contracts with Louisiana district attorneys, the Department of Health and Human Resources, Office of Family Security engages their services to enforce child support obligations. In addition to reimbursement, the contracts provide for payment of a percentage of child support moneys collected to the district attorneys’ offices.